**UNITED STATES, Appellee,**

v.

**Ahmad ABOUSHI, Defendant–Appellant.**

**Docket No. 01–1181.**

United States Court of Appeals, Second Circuit.

July 17, 2002.

Edgardo Ramos, Assistant United States Attorney, Eastern District of New York (David C. James, Assistant United States Attorney, Eastern District of New York, on the brief) for Alan Vinegrad, United States Attorney, Eastern District of New York, for Appellee.

Richard Ware Levitt, New York, NY, for Defendant–Appellant.

Present CABRANES, POOLER and KATZMANN, Circuit Judges.

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Eastern District of New York (Block, *J.*), it is hereby

**ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is AFFIRMED.

Defendant-appellant Ahmad Aboushi appeals from a February 1, 2002 judgment of the United States District Court for the Eastern District of New York. Following a jury trial, defendant was convicted of seventeen counts charging him with various

offenses stemming from a conspiracy to hijack and rob tractor trailers containing cigarettes and other commodities.

Count One of the indictment charged that between March 1995 and March 1998 Aboushi and others conspired, in violation of 18 U.S.C. § 1951, to rob the drivers of trucks owned by various businesses. Count Three charged that between March 1991 and March 1998, Aboushi and others conspired to possess and sell goods which had been stolen and which were part of interstate commerce, and of conspiring to transport stolen motor vehicles, in violation of 18 U.S.C. § 371. The remaining fifteen counts of conviction arose out of five separate robberies or thefts executed by Aboushi and his co-conspirators.

Defendant was sentenced to, *inter alia,* 240 months imprisonment on Count One, and 24 months imprisonment on the remaining counts of conviction, which sentences were to be served concurrently to each other and consecutively to Count One, for a total term of imprisonment of 264 months. Aboushi is now serving his sentence.

On appeal, defendant Aboushi makes three principal challenges. First, he argues that the district court committed plain error when it did not give a jury charge, not sought by the defense, that the guilty pleas of cooperating witnesses could not be used as evidence against the defendant. Second, he contends that the district court erred in not submitting the venue issue to the jury. Third, he argues that the district court erred in not admitting into evidence a report of an interview conducted by an FBI agent. For the reasons that follow, we affirm the judgment of the district court.

First, as to the jury charge, we note that Aboushi makes his argument for the first time on appeal. Thus we review for plain error. *See* Fed.R.Crim.P. 52(b) That is, a defendant must show "(1) unpreserved er-ror, that (2) is plain; (3) affects a substantial right; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Zvi,* 168 F.3d 49, 58 (2d Cir.1999). The last prong of the test is not satisfied absent a "miscarriage of justice." *Johnson v. United States,* 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Defendant has failed to meet his burden. At the very least, Aboushi has failed to show that the failure to give the instruction affected his "substantial rights," let alone lead to a "miscarriage of justice."

Second, as to whether the venue issue should be determined by the judge of the jury, we need not consider whether the district court erred in refusing to instruct the jury on venue because any error in this regard was harmless under the circumstances. The evidence is considerable that the crime occurred in the district in which the trial occurred; thus, even assuming that the district court committed error in letting the jury decide the venue issue, it was harmless error.

Third, even if the district court erred in not admitting into evidence a report of an interview conducted by an FBI agent, it was harmless error. We can find no prejudice in the exclusion of the report. Even absent the report, Aboushi demonstrated that cooperating witness Glen Alan Moore had not mentioned Aboushi's role in criminal activity during his initial FBI interview and secured Moore's admission that he had not been truthful during this interview. We do not see what more Aboushi could have made of what Moore might or might not have said.

We have reviewed all of the defendant-appellant's other arguments. We affirm the judgment of the district court.